UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-22505-CIV-ALTONAGA/O'Sullivan

**CARLOS MARTINEZ**, *et al.*,

    Plaintiffs,

v.

**DHL EXPRESS (USA) INC.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant, DHL Express (USA) Inc.'s ("DHL['s]") Motion for Reconsideration . . . ("Motion for Reconsideration") [ECF No. 41], filed September 14, 2015. DHL requests the Court reconsider the September 4 Order [ECF No. 40] only for the purpose of granting DHL's motion to strike the Fair Labor Standards Act ("FLSA") collective action allegations in Plaintiffs, Carlos Martinez and Ricardo Babich's (together, "Plaintiffs[']") Amended Complaint . . . ("Amended Complaint") [ECF No. 16]. (*See generally* Mot. for Reconsideration; *see also* Motion to Dismiss and Motion to Strike . . . ("Motion") [ECF No. 20]). Specifically, DHL contends the collective action allegations should be stricken with respect to the agents at DHL's John F. Kennedy Gateway ("JFK") and Los Angeles Gateway ("LAX") locations because (1) collective bargaining agreements ("CBAs"), which are not referred to in the pleading, render futile any attempt to obtain conditional certification as to the JFK and LAX agents (*see* Mot. for Reconsideration 5–8); and (2) Plaintiffs failed to respond to this argument in their briefing on the Motion (*see id.* 8–10).

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)) (internal quotation marks omitted). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)) (internal quotation marks omitted).

As a preliminary matter, the Court addresses DHL's contention the motion to strike should be granted on the basis Plaintiffs failed to respond to DHL's arguments in support. The Court must ensure the relief it grants is proper, even if uncontested by the parties. *See Church v. Accretive Health, Inc.*, No. 14-CIV-0057-WS-B, 2014 WL 7184340, at *7 n.10 (S.D. Ala. Dec. 16, 2014) (citations omitted). Thus, the Court declines to strike Plaintiffs' collective action allegations on the simple basis Plaintiffs failed to respond to DHL's motion to strike. Additionally, DHL's reliance on *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000), is misplaced, as the Eleventh Circuit did not address a plaintiff's failure to respond to a defendant's argument raised in a district court on a motion to strike; rather, the Eleventh Circuit explained a plaintiff's argument is abandoned on appeal if a plaintiff raises the argument in the district court but fails to properly advance it while before the district court, and instead attempts to develop the argument for the first time on appeal. *See id.* (citations omitted).

As for the motion to strike itself, Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The standard in the Eleventh Circuit for striking FLSA collective action allegations, like the standard for striking Rule 23 class-action allegations, has not been articulated; in the Rule 23 context, district courts have declined to strike class-action allegations as futile, finding the futility issue better suited for an opposition to a motion for conditional certification. *See Gill-Samuel v. Nova Biomed. Corp.*, 298 F.R.D. 693, 700 (S.D. Fla. 2014); *Desmond v. Citimortgage, Inc.*, No. 1:12-cv-23088, 2015 WL 845571, at *2 (S.D. Fla. Feb. 25, 2015).

DHL's motion to strike is exceptional not only because it asks the Court to apply an unclear standard in a unique procedural posture, but also because it would require the Court to rely on evidence outside the pleading (*i.e.*, the CBAs) to strike the challenged allegations. "Motions to strike pursuant to Civil Procedure Rule 12(f) are only appropriately addressed towards matters contained in the pleadings." *New v. Darnell*, No. 1:07cv162-SPM/AK, 2008 WL 4525271, at *1 (N.D. Fla. Oct. 1, 2008) (quoting *Polite v. Dougherty Cnty. Sch. Sys.*, 314 F. App'x 180, 184 n.7 (11th Cir. 2008)) (internal quotation marks omitted); *see also N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 159 (E.D. Pa. 1994) ("Motions to strike are to be decided on the basis of the pleadings alone." (internal quotation marks and citation omitted)).

Furthermore, the cases DHL cites in which district courts in the Eleventh Circuit have stricken FLSA collective action allegations are (a) factually distinguishable and (b) lacking in guidance as to the applicable legal standard. (*See* Mot. 14). In *Quijano v. Tuffy Associates Corp.*, No. 2:13-cv-573-FtM-38CM, 2014 WL 4182691 (M.D. Fla. Aug. 21, 2014), the court

granted the defendant's motion to strike the plaintiffs' FLSA collective action allegations only after plaintiffs failed to move for conditional certification and the time for plaintiffs to file such a motion had passed. *See id.* at *1. Similarly, in *Palmer v. Convergys Corp.*, No. 7:10-cv-145 (HL), 2012 WL 425256 (M.D. Ga. Feb. 9, 2012), the court considered the defendants' motion to strike at the same time as it considered the plaintiffs' motion to proceed as a collective action. *See id.* at *2.

Further, in *Palmer*, the motion to strike was premised on the argument a class action waiver foreclosed the possibility of a collective action. *See id.* Here, by contrast, DHL's motion to strike was premised on the argument the CBAs defeat the similarity requirement for certification, not that the CBAs expressly preclude a collective action, as would a collective action waiver. Likewise, the court in *Knight v. Rent-A-Center East, Inc.*, No. 4:13-1734-MGL, 2013 WL 6826963 (D.S.C. Dec. 23, 2013), granted the defendant's motion to strike together with the defendant's motion to compel arbitration. *See id.* at *2–3. Like the class action waiver in *Palmer*, the arbitration agreement in *Knight* foreclosed the availability of a collective action as a procedural vehicle. Finally, and as indicated, none of these cases sets forth a standard for adjudicating a motion to strike FLSA collective action allegations.

Without proper guidance from binding authorities, the Court declines to grant so drastic a remedy as striking Plaintiffs' FLSA collective action allegations based on matters outside the pleading when the deadline for Plaintiffs to file a motion for conditional certification has not yet passed (*see* Scheduling Order [ECF No. 32]). Reconsideration is therefore not warranted.

Being fully advised, it is

**ORDERED AND ADJUDGED** that the Motion for Reconsideration **[ECF No. 41]** is **DENIED**.

CASE NO. 15-22505-CIV-ALTONAGA/O'Sullivan

**DONE AND ORDERED** in Miami, Florida, this 15th day of September, 2015.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record