**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-22505-CIV-ALTONAGA/O'Sullivan**

**CARLOS MARTINEZ**, *et al.*,

Plaintiffs,
v.

**DHL EXPRESS (USA) INC.**,

Defendant.
____________________________/

**ORDER APPROVING SETTLEMENT**

**THIS CAUSE** came before the Court at a November 4, 2016 hearing [ECF No. 169] on Plaintiffs, Carlos Martinez and Ricardo Babich's ("Plaintiffs[']") Supplemental Notice of Motion . . . ("Motion") [ECF No. 167], filed October 28, 2016. Plaintiffs seek approval of the parties' Confidential Settlement Agreement, Release and Waiver ("Agreement"). For the reasons stated in open court, it is

**ORDERED AND ADJUDGED** as follows:

1. Except as otherwise specified herein, for purposes of this Order the Court adopts all defined terms set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this Action, all matters relating thereto, and all the parties.

3. The Court certifies the Settlement Class as defined in the Agreement, for settlement purposes only, pursuant to Federal Rule 23 and Section 216(b) of the Fair Labor Standards Act. All collective and class members are hereby bound by the terms of the release contained in the Agreement.

4. If, for any reason, the Agreement ultimately does not become Effective, the parties shall return to their respective positions in the Action as those positions existed immediately before the parties executed the Agreement, and nothing stated in the Agreement or any other papers filed with the Court in connection with the Settlement shall be deemed an admission of any kind by any of the parties or be used in any way or be admitted as evidence against, or over the objection of, any of the parties for any purpose in the Action, in any other action, or for any other purpose.

5. The Class Notice disseminated to Settlement Class members pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances, was accomplished in all material respects, and fully meets the requirements of Federal Rule 23, applicable law, and due process.

6. Pursuant to Federal Rule 23(e), the Court grants final approval of the Settlement. The Settlement is fair, reasonable, and adequate in all respects; and it is binding on all Settlement Class members pursuant to the procedures set forth in the Preliminary Approval Order. The Court finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Plaintiffs, members of the Settlement Class and DHL after thorough factual and legal investigation.

7. The Court further finds that the Settlement is fair, reasonable and adequate given: (A) the complexity, expense and likely duration of the Action; (B) the lack of any objections to the Settlement; (C) the state of the proceedings and the amount of discovery completed; (D) risks of establishing liability and damages; (E) risks of maintaining the class action through the trial;

and (F) that the Maximum Gross Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation.

8. After dissemination of the Class Notice, no member of the Settlement Class requested exclusion from the Settlement.

9. The proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Settlement Class members are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Agreement.

10. The Court has reviewed the releases and general releases described in Section 10 of the Agreement and finds them to be fair, reasonable, and enforceable under the Fair Labor Standards Act, Federal Rule 23, and all applicable law.

11. The Court grants Class Counsel attorneys' fees of $ 198,313.50, which are fair and reasonable based upon: (A) the number of hours worked by Class Counsel during the Action; (B) the results achieved on behalf of the Settlement Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Action; (E) the absence of any objections to the request for attorneys' fees; and (F) a lodestar cross-check, which reveals Class Counsel will receive a negative multiple to their lodestar expended during the Action.

12. The Court approves Class Counsel's request for reimbursement of litigation expenses in the sum of $ 39,987.93, which expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Action.

13. The Court approves service awards of $ 7,500.00 for the two Settlement Class Representatives based upon the time, effort and commitment they expended in prosecuting the Action on behalf of the Settlement Class.

14. The Defendant shall make available the funds described in the Agreement in settlement of the Released Claims as defined in the parties' Agreement. The settlement proceeds shall be distributed according to the formula and procedures agreed upon by the parties and described in the Agreement.

15. This action, and the Complaint and the Amended Complaint filed in this Action and all claims contained therein, are dismissed in their entirety with prejudice on the merits in favor of the Defendant, with all parties to bear their own respective attorneys' fees and costs of suit, except as expressly ordered herein, with all rights of appeal waived.

16. As provided in the Agreement, by operation of the entry of this Order and upon issuance of the Final Judgment and distribution of the settlement proceeds as described above:

A. All members of the Settlement Class and every Releasing Person shall be deemed to fully, forever, irrevocably, and unconditionally release, remise, and discharge the Released Parties from any and all suits, actions, causes of action, claims, charges, or demands, known or unknown, suspected or unsuspected, matured or un-matured, for any and all damages (including compensatory, punitive, liquidated, or multiple damages), interest, costs, attorneys' fees, loss of wages and benefits, loss of earning capacity, mental anguish, pain and suffering, or other relief permitted to be recovered upon, in law or in equity, of any kind whatsoever, now existing or arising in the future, based on any act, omission, event, occurrence, or non-occurrence, based on putative violations of any federal, state, or local law pertaining to hours of work or payment of wages that were asserted or could have been asserted in the Action regarding events that occurred or are alleged to have occurred from the beginning of time through the issuance of the Final Approval Order, including without limitation: (i) claims for minimum wages or overtime, claims pursuant to the FMWA; (ii) claims sounding contract, tort, or common law related to wages or hours of work; (iii) claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and (iv) all asserted and un-asserted retaliation claims related to any such claims; and

B. Named Plaintiffs Martinez and Babich shall be deemed to fully, forever, irrevocably, and unconditionally release, remise, and discharge the Released

> Parties from any and all suits, actions, causes of action, claims, charges, or demands, known or unknown, suspected or unsuspected, matured or un-matured, for any and all damages (including compensatory, punitive, liquidated, or multiple damages), interest, costs, attorneys' fees, loss of wages and benefits, loss of earning capacity, mental anguish, pain and suffering, or other relief permitted to be recovered upon, in law or in equity, of any kind whatsoever, now existing or arising in the future, based on any act, omission, event, occurrence, or non-occurrence, based on putative violations of any federal, state, or local law regarding events that occurred or are alleged to have occurred from the beginning of time through the issuance of the Final Approval Order; provided, however, that claims that Martinez had prior to the issuance of Final Approval, specifically, and including only the following, a claim for workers compensation and/or retaliation under Florida Statute 440.205 (Docket Nos. 08-002826MGK, date of accident 3/06/07, and 14-011826MGK, date of accident 5/14/14), a claim pursuant to the Florida Whisteblower Act, and a claim before the Equal Employment Opportunity Commission for discrimination and/or retaliation (Docket No. 510-2016-0040), including any lawsuit deriving from that EEOC Charge, are expressly excluded.

17. The parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and the Settlement Class, individually or collectively, all such liability being expressly denied by Defendant.

18. The Order and Final Judgment is a final judgment in the Action as to all claims among the Plaintiffs and members of the Settlement Class. This Court finds, for purposes of Federal Rule 54(b), that there is no just reason for delay and expressly directs entry of Judgment as set forth herein.

19. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Agreement. The parties and the settlement administrator are hereby ordered to comply with the terms of the Agreement.

**DONE AND ORDERED** in Miami, Florida, this 4th day of November, 2016.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record